# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS

| | |
|---|---|
| GUIDANCE IP LLC,<br><br>*Plaintiff,*<br><br>v.<br><br>AT&T, INC. and<br>AT&T MOBILITY, LLC,<br><br>*Defendants.* | Civil Action No._____<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Guidance IP LLC ("Plaintiff" or "Guidance"), by and through its undersigned counsel, files this Original Complaint for Patent Infringement against Defendants AT&T, Inc. and AT&T Mobility, LLC (collectively "Defendants" or "AT&T") as follows:

## NATURE OF THE ACTION

1. This is a patent infringement action to stop AT&T's infringement of Plaintiff's United States Patent No. 5,719,584 entitled "*System and Method for Determining the Geolocation of a Transmitter*" (hereinafter, the "'584 Patent" or "Patent-in-Suit"; a true and correct copy of which is attached hereto as Exhibit A). Plaintiff is the owner of the Patent-in-Suit. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2. Guidance is a corporation organized and existing under the laws of the State of Delaware. Plaintiff maintains its principal place of business at 110 Greene Street, Suite 403, New York, New York 10012. Plaintiff is the owner of the Patent-in-Suit, and possesses all rights

1

thereto, including the exclusive right to exclude AT&T from making, using, selling, offering to sell or importing in this district and elsewhere into the United States the patented invention(s) of the Patent-in-Suit, the right to license the Patent-in-Suit, and to sue AT&T for infringement and recover past damages.

3. On information and belief, AT&T, Inc. is a corporation duly organized and existing under the laws of the State of Delaware and having its principal place of business located at 208 S. Akard Street, Dallas, TX 75202.  On information and belief, AT&T, Inc. can be served with process through its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, DE, 19801.

4. On information and belief, AT&T Mobility, LLC is a limited liability company duly organized and existing under the laws of the State of Delaware and having its principal place of business located at 1025 Lenox Park Blvd. NE, Atlanta, GA 30319.  On information and belief, AT&T Mobility, LLC may be served with process through its registered agent, C T Corporation System, 350 N. St. Paul St., Ste 2900, Dallas, TX 75201-4234.

## JURISDICTION AND VENUE

5. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281, 283, 284, and 285.  This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

6. The Court has personal jurisdiction over AT&T because: AT&T has minimum contacts within the State of Texas and in this District; AT&T has purposefully availed itself of the privileges of conducting business in the State of Texas and in this District; AT&T has sought protection and benefit from the laws of the State of Texas; AT&T regularly conducts business

within the State of Texas and within this District, and Plaintiff's cause of action arises directly from AT&T's business contacts and other activities in the State of Texas and in this District.

7. More specifically, Defendants, directly and/or through its intermediaries, ships, distributes, makes, uses, imports, offers for sale, sells, and/or advertises its products and affiliated services in the United States, the State of Texas, and this District. Upon information and belief, AT&T has committed patent infringement in the State of Texas and in this District. AT&T solicits customers in the State of Texas and in this District. AT&T has many paying customers who are residents of the State of Texas and this District and who use AT&T's products in the State of Texas and in this District.

8. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## BACKGROUND INFORMATION

9. The Patent-in-Suit was duly and legally issued by the United States Patent and Trademark Office on February 17, 1998 after full and fair examination. Plaintiff is the owner of the Patent-in-Suit, and possesses all right, title and interest in the Patent-in-Suit including the right to enforce the Patent-in-Suit, and the right to sue AT&T for infringement and recover past damages.

10. On information and belief, AT&T owns, operates, advertises, and/or controls the website www.wireless.att.com, through which AT&T advertises, sells, offers to sell, provides and/or educates customers about its products.

## COUNT I
## INFRINGEMENT OF U.S. PATENT NO. 5,719,584

11. Plaintiff re-alleges and incorporates by reference each of Paragraphs 1-12 above.

12. On information and belief, AT&T has infringed and continues to infringe the Patent-in-Suit either literally or under the doctrine of equivalents through the use of positional

location systems employing technologies that determine the directionality of signal arrival ("AOA"), such as through the use of MIMO or sectorized antenna technology, and time difference of signal arrival (TDOA) at more than one receiving tower ("Accused Systems").

13. On information and belief, AT&T has infringed and continues to infringe one or more claims of the Patent-in-Suit because it uses both TDOA and AOA to determine the location of a mobile unit. Thus, AT&T infringes at least claim 2 of the '584 Patent, which reads as follows:

> 2. A locating system for the source of an RF signal comprising:
> (A) a clock;
> (B) plural receivers, each receiver receiving said RF signal, and each receiver comprising:
> (i) angle-of-arrival detector for computing the angle of arrival of said RF signal;
> (ii) time-of-arrival detector for determining the time of arrival at said receiver of an identifiable portion of said RF signal, said time of arrival being determined with respect to said clock;
> (iii) reporting means for reporting the detected angle-of-arrival and the detected time-of-arrival; and,
> (C) a location determining site for receiving the detected angle-of-arrival and the detected time-of-arrival from each of said plural receivers and for determining therefrom the location of said source of said RF signal.

14. AT&T's Accused Systems comprise a clock so that TDOA can be employed in AT&T's positional location calculations.

15. AT&T's Accused Systems also comprise an angle-of-arrival detector.

16. By way of example only, some AT&T systems use MIMO technology, which determines AOA based upon difference in signal wave phase-shift.

17. By way of example only, some AT&T systems utilize sectorized antennas that determine the sector from which a signal arrives.

18. Identification of which sector from which a signal arrives is a way to compute the angle of arrival of the signal.

19. AT&T's Accused Systems use AOA to calculate the source of the arriving signal.

20. AT&T's Accused Systems further comprise a time-of-arrival detector, as evidenced by the fact that AT&T uses Uplink Time Difference of Arrival (U-TDOA) technology.

21. AT&T's Accused Systems are able to determine the location of a mobile unit based on AOA and U-TDOA.

22. AT&T's use of the AOA and TDOA technologies further indicates the presence in the Accused Systems of a reporting means for reporting the detected angle-of-arrival and the detected time-of-arrival.

23. Finally, the presence in the Accused Systems of receiver towers and/or base stations indicates sites for receiving the data and determining positional location.

24. AT&T's aforesaid activities have been without authority and/or license from Plaintiff. Thus, AT&T is liable for infringement under 35 U.S.C. § 271.

25. Plaintiff is entitled to recover from AT&T the damages sustained by Plaintiff as a result of AT&T's wrongful acts in an amount subject to proof at trial, which, by law, cannot be less than a reasonable royalty, together with interest and costs as fixed by this Court under 35 U.S.C. § 284.

26. AT&T's acts of infringement of Plaintiff's rights under the Patent-in-Suit has caused, is causing and, unless such acts and practices are enjoined by the Court, will continue to damage Plaintiff, causing irreparable harm to Plaintiff for which there is no adequate remedy at law, and for which Plaintiff is entitled to injunctive relief under 35 U.S.C. § 283.

## **JURY DEMAND**

27. Plaintiff demands a trial by jury on all issues.

## **PRAYER FOR RELIEF**

Plaintiff respectfully requests the following relief:

A. An adjudication that one or more claims of the Patent-in-Suit has been infringed, either literally and/or under the doctrine of equivalents, by AT&T;

B. An award of damages to be paid by AT&T adequate to compensate Plaintiff for its past infringement and any continuing or future infringement up until the date such judgment is entered, including interest, costs, and disbursements as justified under 35 U.S.C. § 284 and, if necessary to adequately compensate Plaintiff for AT&T's infringement, an accounting of all infringing sales including, but not limited to, those sales not presented at trial;

C. A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining AT&T and its respective officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from further acts of infringement with respect to any one or more of the claims of the Patent-in-Suit;

D. That this Court declare this to be an exceptional case and award Plaintiff its reasonable attorneys' fees and costs in accordance with 35 U.S.C. § 285; and,

E. Any further relief that this Court deems just and proper.

December 5, 2013                                    Respectfully submitted,


                                                    */s/Kirk L. Pittard*
                                                    Kirk L. Pittard
                                                    State Bar No. 24010313
OF COUNSEL:                                         F. Leighton Durham, III
Scott E. Stevens                                    State Bar No. 24012569
Gregory P. Love                                     Kelly, Durham & Pittard, LLP
Todd Y. Brandt                                      PO Box 224626
Stevens Love                                        Dallas, Texas 75222
222 North Fredonia Street                           214-946-8000 Telephone
Longview, Texas 75606                               214-946-8433 Facsimile
(903) 753–6760                                      kpittard@kdplawfirm.com
scott@stevenslove.com
greg@stevenslove.com                                COUNSEL FOR PLAINTIFF GUIDANCE
todd@stevenslove.com                                IP LLC